# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMMANUEL ADEYINKA**, | Case No. 3:26-cv-285-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF PORTLAND, PBOT TOWING OFFICIALS,** and **UNKNOWN OFFICERS 1-5,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Emmanuel Adeyinka, a self-represented litigant, filed this lawsuit against Defendants City of Portland, PBOT Towing Officials, and Unknown Officers 1-5. ECF 2. Service of process has not yet occurred. Plaintiff also filed an application with the Court to proceed *in forma pauperis*, ECF 1, and moved for a Temporary Restraining Order, ECF 3. The Court grants Plaintiff's application to proceed *in forma pauperis* but finds that even under the liberal pleading standards afforded to a self-represented, or *pro se*, litigant, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, the Court dismisses this case without prejudice. Because the Court dismisses the case, Plaintiff has not

shown that he is likely to succeed on the merits as required for a TRO, and so the Court denies

Plaintiff's Motion for a TRO. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

**STANDARDS**

Congress established that when a complaint is filed by a plaintiff proceeding *in forma*

*pauperis*, "the court shall dismiss the case at any time if the court determines that" the action is:

(1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or

(3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought

by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims.

*See, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006-07 (9th Cir. 2024) ([Section 1915(e)(2)]

"authorizes '*sua sponte* dismissals of *in forma pauperis* cases' that fail to state a claim for

relief." (quoting *Jones v. Bock*, 549 U.S. 199, 214 (2007))); *O'Neal v. Price*, 531 F.3d 1146,

1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a

complaint with the district court, the district court screens the complaint and determines whether

it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v.*

*Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma*

*pauperis* complaints, not just those filed by prisoners").

A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

The term "frivolous," when used to describe a complaint, "embraces not only the inarguable

legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual

allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or *pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

In this action, Plaintiff asserts a federal civil rights claim under 42 U.S.C. § 1983 in response to the seizure of his trailer, a 1982 Royals International Travel Trailer that he values at $18,500, in violation of his rights under the Fifth Amendment, the Fourteenth Amendment, and Oregon Revised Statutes ("ORS") § 819.110.

### A. Fifth Amendment Claim

The Fifth Amendment does not apply directly to the states or local governmental entities; however, the due process protections of the Fifth Amendment are applied to the states and local governments through the Fourteenth Amendment. *See Chicago, B. & Q.R. Co. v. City of Chicago*, 166 U.S. 226, 236-39 (1897); *Mountain Water Co. v. Montana Dep't of Pub. Serv. Regul.*, 919 F.2d 593, 599 (9th Cir. 1990). Thus, the Court construes Plaintiff's suit to be only a Fourteenth Amendment complaint against Defendants.

### B. Fourteenth Amendment Procedural Due Process Claim

Plaintiff alleges that the seizure of his trailer was a violation of his due process rights under the Fourteenth Amendment. ECF 2 ¶¶ 1, 6. To prevail on a Fourteenth Amendment procedural due process claim, a plaintiff must show both that he possessed a protected interest to which due process protections were applicable, and that the procedural protections received were inadequate. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008); *see also Brewster v. Bd. of Educ. Of Lynwood Sch. Dist.*, 149 F.3d 971, 983 (9th Cir. 1998); *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 390-93 (9th Cir. 2014).

Even if that the removal of Plaintiff's trailer violated his liberty or property rights, Plaintiff has not alleged facts sufficient to show that the procedural protections he received were

constitutionally inadequate. Plaintiff has alleged that he received notice to remove his trailer, that he subsequently relocated his trailer to a different location in the same vicinity, that he was provided with a record number associated with the tow, that he filed a hearing request with the city, and that the city was considering the request. ECF 2 ¶¶ 3-5. These allegations suggest that Plaintiff was, in fact, provided with adequate process both to avoid the tow and to recover his trailer after it was towed. Plaintiff's allegations do not show that he received insufficient process. The Court therefore dismisses Plaintiff's procedural due process claim.

## C. Fourteenth Amendment Right to Travel Claim

Plaintiff alleges that Defendants' seizure of his trailer was a violation of his fundamental right to travel. *Id*. at ¶ 8. This right is protected by the Constitution, derived from the Privileges and Immunities Clause of the Fourteenth Amendment. *See Saenz v. Roe*, 526 U.S. 489, 500-04 (1999). This right is primarily a right to interstate travel, not intrastate travel. *Id*. at 500-01. Courts, however, have found a constitutional right to intrastate travel and freedom of movement, sometimes in the Fourteenth Amendment's Due Process Clause. *See, e.g.*, *Ramos v. Town of Vernon*, 353 F.3d 171, 176 (2d Cir. 2003); *Lutz v. City of York, Pa.*, 899 F.2d 255, 267-68 (3d Cir. 1990). But "[n]either the Supreme Court nor the Ninth Circuit has yet decided whether the Constitution protects such a right." *Potter v. City of Lacey*, 2024 WL 4511612, at *1 (9th Cir. Oct. 17, 2024).

Whether an allegation that Defendants violated Plaintiff's right to interstate or intrastate travel, Plaintiff's claim still fails. Neither right guarantees a specific mode of transportation, and Plaintiff alleges no facts that show that he is unable to travel as he pleases without his trailer. The Court therefore dismisses Plaintiff's right to travel claim.

**D. Takings Claim**

Plaintiff further alleges that the seizure of his trailer is an unconstitutional taking barred by the Fifth Amendment.[1] ECF 2 ¶ 6. The Takings Clause is applicable to the states through the Fourteenth Amendment. *Dolan v. City of Tigard*, 512 U.S. 374, 383 (1994). "To state a claim under the Takings Clause, a plaintiff must establish the following: (1) the plaintiff must own private property as contemplated under the Takings Clause; (2) that private property must be taken for public use; and (3) the taking entity must not have paid just compensation for it." *Zeyen v. Bonneville Joint Dist., #93*, 114 F.4th 1129, 1139 (9th Cir. 2024) (quotation marks omitted).

Additionally, "[i]t is well-established that the takings clause does not prohibit takings made lawfully and pursuant to a power other than the power of eminent domain." *Brewster v. City of Los Angeles*, 672 F. Supp. 3d 872, 974 (C.D. Cal. 2023) (citing *Mugler v. Kansas*, 123 U.S. 623, 668 (1887), and *Bennis v. Michigan*, 516 U.S. 442, 452 (1996)); *see also Missud v. California*, 2013 WL 450391, at *4 (N.D. Cal. Feb. 5, 2013) ("When the government seizes property in the exercise of its police powers, the Takings Clause is not applicable.").

Plaintiff has alleged no facts to show that his trailer was taken for public use, nor that his trailer is unrecoverable such that the government would owe him compensation for it if the seizure was, in fact, a violation. Additionally, it does not appear from the face of the Complaint that Defendants were acting pursuant to any power of eminent domain. Thus, the Court dismisses Plaintiff's takings claim.

---

[1] Plaintiff alleges a violation of "Article" V's prohibition against takings; the Court construes this to be a reference to the Fifth Amendment's takings clause.

**E.  State Law Claim**

When a complaint's federal claims are dismissed, district courts have discretion to dismiss related state law claims and generally will not exercise supplemental jurisdiction over those claims. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). The Court dismisses Plaintiff's state law claim under ORS § 819.110.

## CONCLUSION

The Court GRANTS Plaintiff's application for leave to proceed *in forma pauperis*, ECF 1. The Court DISMISSES Plaintiff's Complaint, ECF 2, *sua sponte* and without prejudice. The Court DENIES Plaintiff's Motion for a Temporary Restraining Order. ECF 3. If Plaintiff believes that he can cure the defects identified in this Order, Plaintiff has leave to file an amended Complaint not later than March 3, 20206.

**IT IS SO ORDERED.**

DATED this 17th day of February, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge