IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMMANUEL ADEYINKA**, | Case No. 3:26-cv-285-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF PORTLAND, PBOT TOWING OFFICIALS, UNKNOWN OFFICERS 1-5, OFFICER T. SAVAGE,** and **PORTLAND BUREAU OF TRANSPORTATION**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Emmanuel Adeyinka, a self-represented litigant proceeding *in forma pauperis*, originally filed this lawsuit on February 12, 2026, claiming violations of his Fifth and Fourteenth Amendment rights, as well as violations of Oregon state law. ECF 2. On February 17, the Court dismissed Plaintiff's original complaint with leave to amend. ECF 5. On February 18, Plaintiff filed an amended complaint ("First Amended Complaint" or "FAC"), ECF 7, which he amended again on February 25 ("Second Amended Complaint" or "SAC"), ECF 21. Just as with Plaintiff's original Complaint, both the FAC and the SAC center around the City of Portland's towing of Plaintiff's trailer, a 1982 Royals International Travel Trailer. *See* FAC; *see also* SAC.

PAGE 1 – ORDER

Since filing the FAC, Plaintiff has also filed a range of motions, including: a Motion for Default Judgment, ECF 9, a Motion for Summary Judgment, ECF 10, a Motion for Discovery Sanctions, ECF 11, a Motion for Disqualification of Hearing Officer and to Vacate Administrative Findings, ECF 12, and a Motion to State and Supplement Causes of Action, ECF 23. The Court finds that even under the liberal pleading standards afforded to a self-represented, or *pro se*, litigant, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated below, the Court dismisses this case, denies all outstanding motions,[1] and will enter judgment.

## STANDARDS

Congress established that when a complaint is filed by a plaintiff proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006-07 (9th Cir. 2024) ([Section 1915(e)(2)] "authorizes '*sua sponte* dismissals of *in forma pauperis* cases' that fail to state a claim for relief." (quoting *Jones v. Bock*, 549 U.S. 199, 214 (2007))); *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v.*

---

[1] When the underlying Complaint is dismissed, pending motions are generally denied as moot.

PAGE 2 – ORDER

*Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners").

A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325.

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented, or *pro se* plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable

PAGE 3 – ORDER

doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

After the dismissal of his original complaint, Plaintiff filed both a First and Second Amended Complaint, ECF 7; ECF 21. Though the SAC would ordinarily supersede the FAC, it appears that Plaintiff intended the SAC as an addendum to, rather than a replacement for, the FAC. Therefore, under the liberal pleading standards afforded *pro se* parties, the Court considers both documents as a single Complaint. Plaintiff claims violations of his Fourth, Fifth, and Fourteenth Amendment rights, violation of 42 U.S.C. § 1985, as well as a common law conversion claim. ECF 7 at 2-3; ECF 21 at 2.

Before proceeding with those claims, the Court addresses Plaintiff's numerous assertions that he complied with the tow warning affixed to his trailer on January 27, 2026. *See* ECF 7 at 2; ECF 10 at 1; ECF 12 at 1. Plaintiff's argument is that, because he relocated his trailer 0.2 miles away from its original location after receiving the warning, his violation was "cured." ECF 10 at 1. This is simply not the case. The warning that Defendants provided to Plaintiff clearly stated that, if Plaintiff's trailer was "not completely removed from the public right of way," it would be

PAGE 4 – ORDER

towed. ECF 7-1 at 2; ECF 23-1 at 2. Plaintiff moved his trailer to another section of the public street. *Id*. The notice Plaintiff received did not order him simply to move the trailer. It ordered him to *remove it entirely from the public street*. *Id*. Plaintiff did not comply with this instruction. Thus, Plaintiff was in violation of the law when his trailer was towed.

## A.  Fourteenth Amendment Selective Enforcement Claim

Plaintiff claims that, when they towed his trailer, "Defendants treated the Plaintiff differently than all other residents tagged on January 27, 2026," in violation of his rights under the equal protection clause of the Fourteenth Amendment. ECF 7 at 2. Specifically, Plaintiff alleges that Defendants targeted Plaintiff for selective enforcement of city parking ordinances, "while granting immunity to others." *Id*. The Court construes Plaintiff's assertion to mean that "others" did not have their vehicles towed.

To prevail on a selective enforcement claim, Plaintiff "must demonstrate that enforcement had a discriminatory effect and that the police were motivated by a discriminatory purpose." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012) (quoting *Rosenbaum v. City & Cnty. of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007)). To prove discriminatory effect, Plaintiff must show that Defendants treated similarly situated individuals differently with respect to parking enforcement. *See, e.g.*, *United States v. Armstrong*, 517 U.S. 456, 461 (1996).

Plaintiff has made no allegation that Defendants acted with discriminatory intent, or made any attempt to explain what might have motivated such an intent. Moreover, while Plaintiff has stated that other individuals "tagged" on January 27 were not towed,[2] he has not supplied

---

[2] ECF 7 at 2. The Court construes "tagged" to be a reference to the warning that Plaintiff received on January 27. Thus, Plaintiff's reference to other individuals who were "tagged" on January 27 is a reference to other individuals who received parking warnings from Defendants on January 27.

PAGE 5 – ORDER

sufficient facts to determine if those individuals were similarly situated to him. Were they cited for unlawfully parking a trailer or some other type of vehicle? Did they move their vehicles? Answers to those material questions are not included in Plaintiff's many filings. As a result, Plaintiff has demonstrated neither discriminatory intent nor discriminatory effect. Thus, the Court dismisses Plaintiff's Fourteenth Amendment selective enforcement claim.

**B.  Fourth Amendment "Unreasonable Stalking" Claim**

Plaintiff alleges that Defendants waited nine days after warning him to move his trailer before seizing it, "culminating in a 7-hour predatory stakeout on February 4, 2026." ECF 7 at 1. Plaintiff characterizes this "stakeout" as "unreasonable stalking" and argues that it violated the Fourth Amendment. *Id*. at 2.

The Court construes this argument as a claim under 42 U.S.C. § 1983 for violations of Plaintiff's Fourth Amendment rights. To prevail on such a claim, Plaintiff must show that Defendants' conduct was an unreasonable search or seizure. *Mendez v. Cnty. of Los Angeles*, 897 F.3d 1067, 1071-75 (9th Cir. 2018). "A Fourth Amendment search occurs when a government agent 'obtains information by physically intruding on a constitutionally protected area' or infringes upon 'a reasonable expectation of privacy.'" *Whalen v. McMullen*, 907 F.3d 1139, 1146 (9th Cir. 2018) (first quoting *United States v. Jones*, 565 U.S. 400, 406 n.3 (2012), then quoting and *Katz v. United States*, 389 U.S. 347, 360 (1967)) (cleaned up).

Plaintiff does not allege that the 7-hour stakeout involved the use of any tool or method that intruded on his trailer or any other constitutionally protected area. The Court infers that the stakeout simply involved Defendants observing Plaintiff's trailer from a public area. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) ("As a general proposition, district courts are permitted to make reasonable inferences from facts in evidence."). Thus, the key question with respect to whether the stakeout violated the Fourth Amendment is whether

PAGE 6 – ORDER

Plaintiff had a reasonable expectation of privacy that would have barred Defendants from observing his trailer from a public area. He did not. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz*, 389 U.S. at 351; *see also United States v. Norris*, 942 F.3d 902, 907 (9th Cir. 2019) ("[N]o subjective expectation of privacy exists under these circumstances, where information is openly available to third parties."). The Constitution does not require state actors to "shield their eyes" in order to avoid viewing a person's property from a public thoroughfare. *California v. Ciraolo*, 476 U.S. 207, 213 (1986); *see also Kyllo v. United States*, 533 U.S. 27, 31-33 (2001) (holding that visual surveillance with the naked eye from a public street does not violate the Fourth Amendment). Plaintiff knowingly exposed the exterior of his trailer to public view by parking it on a public street. Thus, the Fourth Amendment did not protect the exterior of his trailer from visual surveillance by Defendants. The Court dismisses Plaintiff's "Unreasonable Stalking" claim.

## C. Fourth Amendment Warrantless Seizure Claim

Plaintiff also alleges that Defendants' towing of his trailer constituted an unconstitutional warrantless seizure, violating his Fourth Amendment rights. ECF 21 at 2. But "the Constitution is not offended by the warrantless abatement of a vehicle in accordance with a valid state law from a location where the possessor has no reasonable expectation of privacy." *Tarantino v. Syputa*, 270 Fed. App'x 675, 677 (9th Cir. 2008). "A long line of cases allow government officials to tow vehicles that pose safety or other public health hazards under the 'community caretaking exception' to the Fourth Amendment's warrant requirement." *Roark v. Richardson Bay Reg'l Agency*, 2023 WL 8360057, at *12 (N.D. Cal. Dec. 1, 2023); *See, e.g.*, *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) ("The authority of police to seize and remove from the

PAGE 7 – ORDER

streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge.").

As discussed above, Plaintiff's trailer was unlawfully parked on a public thoroughfare where he had no reasonable expectation of privacy. Moreover, the tow warning that he received indicated that a lawful municipal ordinance prohibited him from parking the trailer in the public right-of-way. ECF 23-1 at 2. Defendants, therefore, did not violate Plaintiff's Fourth Amendment rights when they seized his trailer. The Court dismisses Plaintiff's Fourth Amendment warrantless seizure claim.

**D.  Takings Claim**

Plaintiff further alleges that the seizure of his trailer is an unconstitutional taking barred by the Fifth Amendment. ECF 7 at 2. The Takings Clause is applicable to the states through the Fourteenth Amendment. *Dolan v. City of Tigard*, 512 U.S. 374, 383-84 (1994).

Plaintiff made a similar claim in his original complaint, *see* ECF 2 at 1-2. The Court dismissed that claim on the grounds that "Plaintiff has alleged no facts to show that his trailer was taken for public use, nor that his trailer is unrecoverable such that the government would owe him compensation for it if the seizure was, in fact, a violation. Additionally, it does not appear from the face of the Complaint that Defendants were acting pursuant to any power of eminent domain." ECF 5 at 6. In his amended complaints, Plaintiff still has not alleged facts to show that his trailer was taken for public use or that it is unrecoverable. Moreover, it remains clear that Defendants were exercising their police powers when they seized Plaintiff's trailer, and "the takings clause does not prohibit takings made lawfully and pursuant to a power other than the power of eminent domain." *Brewster v. City of Los Angeles*, 672 F. Supp. 3d 872, 974 (C.D. Cal. 2023) (citing *Mugler v. Kansas*, 123 U.S. 623, 668 (1887), and *Bennis v. Michigan*, 516 U.S. 442, 452 (1996)). Therefore, the Court dismisses Plaintiff's takings claim.

PAGE 8 – ORDER

### E.  42 U.S.C. § 1985 Claim

Plaintiff further claims that Defendants engaged in an "administrative conspiracy" to deprive him of his civil rights in violation of 42 U.S.C. § 1985. ECF 7 at 3. Section 1985(3) states, in relevant part, that "[i]f two or more persons in any State or Territory conspire. . .for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," and a party "is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States," then "the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

As discussed above, the Court finds that Plaintiff has not suffered any Constitutional injury and is dismissing each of his Constitutional claims. Thus, the Court necessarily also finds that no conspiracy injured Plaintiff "in his person or property, or deprived [him] of having and exercising any right or privilege of a citizen of the United States." The Court dismisses Plaintiff's § 1985 claim.

### F.  Common Law Conversion Claim

Finally, Plaintiff asserts a common law conversion claim against Defendants for the towing of his trailer. ECF 21 at 2. "Because the federal courts cannot create 'general federal common law,' they must look to the common law of the state in which they are located when evaluating common law claims." *Yates v. U.S. E.P.A.*, 2018 WL 11276640, at *3 (D. Or. Jan. 2, 2018) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under Oregon law, "[a]n action for conversion lies when there has been 'an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" *Outdoor Media Dimensions Inc.*

PAGE 9 – ORDER

*v. State*, 150 Or. App. 106, 111 (1997), aff'd, 331 Or. 634 (2001) (quoting *Mustola v. Toddy*, 253 Or. 658, 663 (1969)). Generally, however, when property is lawfully taken, there is no conversion. *Id.* (citing *Boling v. Parrett*, 21 Or. App. 823, 825-26 (1975)).

Here, Defendants towed Plaintiff's trailer pursuant to a lawful municipal ordinance. Thus, the trailer was lawfully taken and there is no conversion. The Court dismisses Plaintiff's common law conversion claim.

## CONCLUSION

The Court DISMISSES Plaintiff's Complaints, ECF 7 and ECF 21, *sua sponte*. The Court DENIES Plaintiff's Motion for Default Judgment, ECF 9, Plaintiff's Motion for Summary Judgment, ECF 10, Plaintiff's Motion for Discovery Sanctions, ECF 11, Plaintiff's Motion for Disqualification of Hearing Officer and to Vacate Administrative Findings, ECF 12, and Plaintiff's Motion to State and Supplement Causes of Action, ECF 23, *sua sponte*.

**IT IS SO ORDERED.**

DATED this 10th day of March, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 10 – ORDER